## WINDHAM COUNTY, MARCH TERM, A. D. 1793.

### PERKINS v. DOW.

A man has right to the use of water running through his land for necessary and for beneficial purposes, but so as not to deprive the proprietor below of the surplus.

ACTION for a nuisance; declaring, that for time immemorial a certain stream of water had run through the defendant's land and in its natural course, to and through the plaintiff's land, which he had constantly used for watering his cattle, flowing his land, and carrying his grist-mill, which was anciently erected upon said stream; that on the      day of August, 1790, the defendant by digging a ditch on his own land, had turned and diverted said water out of its natural course, so that it was prevented coming to the plaintiff's land; whereby he was deprived of it for the purposes above expressed, etc. Damage £500.

Plea — Not guilty. Issue to the jury.

Question — Whether the plaintiff might give evidence of any diverting of said water, for the purpose of enhancing the damages previous to July, A. D. 1790, when said obstructions were removed by the plaintiff.

By the COURT. He may; for as the defendant replaced the same obstructions immediately after, it is to be considered as a continuation of the same nuisances.

One Hun, who tended the plaintiff's mill during this period upon shares, was produced as a witness, and objected against by the defendant on the score of interest; and by the court was not admitted — upon which Hun made and executed a full discharge to the plaintiff, which he received and accepted — also he made a full discharge to the defendant, which he offered to the defendant but he refused to receive it; but upon said Hun's tendering said discharge to the defendant, and lodging it in the custody of the clerk for his benefit, the court admitted him. Doug. 134.

Upon the evidence, the case appeared to be thus — The defendant owned a valuable meadow through which said stream of water run; which stream ran east and west, and was easily turned out of its natural course on the defendant's land; the defendant by placing dams in the natural channel, and cutting small ditches northward and southward upon his own land, threw the water upon his meadow, northward and southward; the water which was turned out northward, was not absorbed, returned into the natural bed of the stream, before it got to the plaintiff's land; was turned out southward, which was by far the greater part, did not any part of it return into its natural course again before it came to the plaintiff's land, but went off southward into the low lands.

The jury brought in a verdict for the defendant; the court dissented from the verdict, and delivered their opinion upon the law in the case.

The defendant had right to use so much of said water, passing through his land, as to answer all necessary purposes, to

supply his kitchen, and for watering his cattle, etc. also he had right to use it for beneficial purposes, such as watering and enriching his land; but this right hath restrictions, and must be so exercised as not to injure the plaintiff, who lies next below, and who hath right to have the surplus flow into his land in the natural channel; and which appeared might easily have been done in this case; the defendant, therefore in diverting the surplus of the water, not used by him, out of its natural course and away from the plaintiff's land was an injury and a nuisance. Upon which the jury found a verdict for the plaintiff, and £15 damages.

The principles of law advanced in this case were recognized by the Superior Court at Windham, March Term, A. D. 1783, in the case of Howard v. Mason.

The plaintiff declared — That for more than seventy years, he and those under whom he claimed had enjoyed and used a certain stream of water, for the purpose of carrying his grist-mill; which stream was formed by the confluence of a number of smaller streams; one of which run in its natural course through the defendant's land; and that the defendant by cutting a new ditch had turned the greater part of said smaller stream, from its natural course, and spread it upon his own land near a mile above the plaintiff's mill, whereby most of it, was absorbed before it came to his mill, and that he was greatly prejudiced thereby, etc. Plea — Not guilty; and verdict for the plaintiff.

The defendant moved in arrest of judgment — That the plaintiff's declaration was insufficient.

The question was — Whether the defendant had right to diminish the quantity of water, by spreading it upon his land to manure and enrich it, and make profit. The court determined that he had; provided he did it prudently, and did not deprive the plaintiff of the surplus — and judgment was arrested accordingly.